IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHEN P. HOOVER,

                Plaintiff,

v.                                                      OPINION & ORDER

THEODORE P. SZYMANSKI and                        16-cv-424-jdp
UNITED STATES OF AMERICA,

                Defendants.

---

Plaintiff Stephen P. Hoover, a former employee of the U.S. Army, is proceeding on claims that defendant Theodore P. Szymanski, another U.S. Army employee, recorded Hoover's threatening statements about Szymanski in violation of the Federal Wiretap Act, 18 U.S.C. § 2511, and its Wisconsin counterpart, Wis. Stat. § 968.31. Because the Attorney General's designee certified that Szymanski was acting within the scope of his employment at the time of the alleged recording, Hoover's state-law claim arises under the Federal Tort Claims Act (FTCA), and the United States has been substituted as the defendant on this claim. *See* Dkt. 25.

Defendants move for summary judgment on both of Hoover's claims. Dkt. 26. They contend that Hoover's Federal Wiretap Act claim is barred by the applicable statute of limitations and that Hoover's state-law claim must be dismissed because he failed to exhaust his administrative remedies. Because Hoover did not file his complaint in this court or an administrative claim with the U.S. Army within two years of reviewing the sole document forming the basis of his claims, the court will grant summary judgment to defendants and close this case.

UNDISPUTED FACTS

Except where noted, the following facts are undisputed.

In 2013, Hoover and Szymanski were both civilian employees of the U.S. Army. They worked at Fort McCoy, in Wisconsin. On December 19, 2013, Hoover received a notice from a manager at Fort McCoy proposing that Hoover be removed from his position because of his misconduct. The notice cited, among other acts of misconduct, a statement Hoover allegedly made to a co-worker, Nathan Lechtenberg, about Szymanski:

> On 12 December 2013, you were overheard speaking with Mr. Lechtenberg about one of your co-workers, Mr. Ted Szymanski. During this conversation you stated that "I know we have to work together but one of us could die, did you hear me, one of us could die."

Dkt. 32-1, at 1.

The notice initiated an administrative removal process, in which Hoover was represented by a union representative, David Clark. On December 20, Clark obtained the documents supporting Hoover's proposed removal, including Szymanski's December 16 statement about the December 12 incident cited in the notice:

> On Thursday, 12 Dec 13 at approximately 1445 hours I was [by] cabinet H . . . . [J]ust inside of Bldg. #2122 door #S2122 I overheard Steve Hoover talking with Nate Lechtenberg about me with Steve Hoover stating among other things about me to Nate Lechtenberg "I know we have to work together but one of us could die" "did you hear me, one of us could die".
>
> After recording this and deciding to talk to my supervisor, I talked to him briefly informing him of the need to discuss an issue and I felt this could wait until next week.

Dkt. 30-1, at 13.

Hoover and Clark met and reviewed these documents, including Szymanski's statement. On January 7, 2014, Hoover gave Clark his written reply to the proposed removal

2

notice, titled "Statement in rebuttal to Ted's statement." Dkt. 32-3. In the reply, Hoover argued that Szymanski could not have overheard Hoover's conversation with Lechtenberg from the location described in Szymanski's statement:

> Ted . . . was not even in the room when the conversation was going on. . . . [S]tand in front of cabinet H and have someone talk in the office and see if you can make out the context of the conversation …you cant. Even if you are going out of your way and trying to hear you can't make out the full context of the conversation. . . . Ted [was] obviously eavesdropping, spying and stalking as usual . . . . Snooping, obviously eavesdropping and spying . . . .

Dkt. 32-3. Hoover concluded his reply with some general complaints about Szymanski:

> Teds attitude that he's the senior man and I am the fng. And that he needs to have final say on everything seems to fuel his paranoia, coupled with the fact that he got Gabe fired. Supervisions unwillingness to do anything about his chronic lateness and his excessive use of 14 time and also his ability to go for 22 years and never having been able to work with anyone…….well enough said you know how I feel.

*Id.*

The Army removed Hoover from his position in March 2014. In April 2015, Hoover read Szymanski's statement to his friend Jeff McCann, an ex-police officer. McCann told Hoover that Szymanski's alleged "recording" of Hoover's conversation was illegal. Hoover filed his complaint in this case on June 16, 2016.

The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 because Hoover's Federal Wiretap Act claim arises under federal law, and because his state law claim is part of the same case or controversy.

ANALYSIS

To succeed on a motion for summary judgment, defendants, as the moving parties, must show that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). All reasonable inferences from the facts in the summary judgment record must be drawn in the nonmoving party's favor. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999).

**A. Federal Wiretap Act claim**

Defendants contend that Hoover's claim under the Federal Wiretap Act is barred by the applicable statute of limitations. A claim under the Federal Wiretap Act must be brought within "two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." § 2520(e); *Davis v. Zirkelbach*, 149 F.3d 614, 618 (7th Cir. 1998).

The sole evidentiary basis for Hoover's claim under § 2511 is Szymanski's December 16 statement, which indicates that Szymanski recorded Hoover's December 12 conversation with Lechtenberg. Thus, Hoover had a reasonable opportunity to discover Szymanski's purported violation of § 2511 when he first read Szymanski's December 16 statement. Hoover read Szymanski's statement sometime between December 20, 2013, when Clark received it, and January 7, 2014, when Clark received Hoover's "Statement in rebuttal to Ted's statement." Thus, Hoover would have had to have brought his claim against Szymanski no later than January 7, 2016. But he did not file his complaint until June 16, 2016. Hoover's claim is time barred.

Hoover contends that his claim is timely for two reasons. First, he argues that he "did not actually discover and learn of the alleged violation until April of 2015," when McCann told him that Szymanski's alleged recording of Hoover's conversation was illegal. Dkt. 34, at 3. This argument fails. Hoover has not shown that he learned anything about the factual basis for his claim in April 2015—he argues only that he learned only that Hoover's alleged recording was illegal. The statute of limitations period runs from the date the claimant has a reasonable opportunity to discover the factual basis for the claim, not the illegality of the alleged violation. *See Davis*, 149 F.3d at 618 (holding that the statute of limitations period under § 2520(e) accrued when the claimant learned "that *something* had been taped," which was "enough to put him on inquiry notice that his rights might have been invaded"). Hoover discovered the factual basis for his claim when he read Szymanski's statement.

Second, Hoover argues that he "did not discover the recording [on January 7, 2014,] because, according to the Defendant, *there was no recording*. Obviously, it would have been impossible for Mr. Hoover to discover an event that Defendant claims did not occur." Dkt. 34, at 3. This is a losing argument. The primary purpose of most statutes of limitations is "to protect defendants against stale or unduly delayed claims." *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008). That purpose would be defeated if a claim never accrued as long as the defendant claimed that he did not commit the alleged act underlying the claim. The fact that defendants claim that Szymanski did not record Hoover's conversation does not toll the statute of limitations period. Hoover's Federal Wiretap Act claim is time barred.

**B. FTCA claim**

Defendants contend that Hoover's FTCA claim is barred because Hoover failed to exhaust his administrative remedies before filing suit. Before initiating a suit in federal district court, the FTCA requires a plaintiff to file an administrative complaint with the appropriate federal agency within two years of accrual of the claim. 28 U.S.C. § 2401(b). "A plaintiff's failure to exhaust administrative remedies before he brings suit mandates dismissal of the claim." *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). Claims against the United States are routinely administratively presented using Standard Form 95, although Department of Justice regulations also allow a claim to be presented through "other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a); *see also Khan v. United States*, 808 F.3d 1169, 1171 (7th Cir. 2015). The Seventh Circuit applies this requirement loosely, requiring only that the written notification specify "facts plus a demand for money." *Khan*, 808 F.3d at 1173.

Hoover never submitted his claim to the Army using Standard Form 95, but he argues that he nonetheless exhausted his administrative remedies when he presented his "Statement in rebuttal to Ted's statement" to the Army as part of the administrative removal process. But even assuming that Hoover's reply specified the facts forming the basis of his claim, it still does not satisfy § 14.2(a) because it does not include a demand for money. In *Khan*, a claimant's letter to the U.S. Marshals Service "describing the indignities to which she'd been subjected during [her] arrest" did not satisfy § 14.2(a), because it did not include a demand for money but rather "would have created the impression that the 'claimant' was seeking something other than money—such as an apology for the misconduct of the arresting marshals, or punishment of them, or better training of marshals. It would not have been

apparent that she was contemplating suit. The Marshals Service might have been deceived into thinking it needn't prepare a defense or attempt to negotiate a settlement." 808 F.3d at 1171, 1173. Likewise, Hoover's reply did not make it apparent that he was contemplating a lawsuit. Instead, the Army likely perceived it as an effort to avoid removal. "[F]ailure to ask for *any* damages—any money—is fatal." *Id.* at 1173. Hoover did not present his FTCA claim to the Army within two years of its accrual, so it is barred.

ORDER

IT IS ORDERED that:

1. Defendants Theodore P. Szymanski and United States of America's motion for summary judgment, Dkt. 26, is GRANTED.

2. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered April 17, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge